**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TERRENCE JENKINS,    ) | |
| )  | |
| Plaintiff,    ) | |
| )  | |
| vs.    ) | Case No. 26-cv-2-SMY |
| )  | |
| THOMAS DALEY,    ) | |
| )  | |
| Defendant.    ) | |
| )  | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff Terrence Jenkins, currently incarcerated at Big Muddy River Correctional Center, filed this *pro se* action against Defendant Thomas Daley claiming legal malpractice. Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 4) and motion to appoint counsel (Doc. 5) are now before the Court. For the following reasons, the motions are **DENIED**, and the Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under 28 U.S.C. § 1915, an indigent party Jenkins commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Here, Jenkins asserts he is able to pay the filing fee, although he requests a payment plan. This assertion does not support a finding of indigency. Regardless, the Court's inquiry does not end with a determination of indigency.

Section 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. The Court may dismiss a case if it determines the action is clearly

frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant.  28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

Jenkins alleges the following in his Complaint (Doc. 3): in August 2008, he retained attorney Thomas Daley for three related criminal cases and paid a fee covering all matters (Doc. 3, p. 5).  Between 2008 and his November 5, 2012 scheduled trial, Daley failed to provide discovery, investigate, interview witnesses, or present any defense (*Id.*).  In November 2012, Daley induced him to proceed with a stipulated bench trial without explaining its nature or consequences, effectively waiving his jury trial, and misrepresented that the judge was favorable (*Id.*).  At sentencing on June 25, 2013, Jenkins requested an appeal, but Daley failed to file a timely post-trial motion or preserve appellate rights, instead filing a late motion on July 31, 2013 (*Id.*, p. 6).  In December 2013 Daley filed an untimely and deficient motion to reconsider without Jenkins' approval and failed to pursue it (*Id.*).  On July 18, 2017, Daley withdrew despite being fully paid, leaving matters pending.  On August 12, 2024, courts found Daley's representation ineffective for failing to file a timely motion (*Id.*).  This conduct constituted incompetence, deception, and concealment, depriving Jenkins his rights.  Jenkins seeks $2,500,000 in punitive damage and $50,000 for compensatory damages (*Id.* p. 8).

Federal courts are courts of limited jurisdiction.  Thus, to proceed in federal court, Jenkins must establish this Court has subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.  Jenkins' Complaint does not state a claim under federal laws, nor does he alleged diversity

jurisdiction. *Engel v. Tribune Co.*, 189 F.2d 176 (1951) (A federal court lacks jurisdiction where Plaintiff does not allege diversity of citizenship and merely states that he is incarcerated in Illinois.)

Accordingly, Plaintiff's Complaint (Doc. 3) is **DISMISSED without prejudice** and the motion to proceed *in forma pauperis* (Doc. 4) and the motion to appoint counsel (Doc. 5) are **DENIED**.

Plaintiff may file an amended complaint within 30 days of this Order. Failure to file an amended complaint that presents a federal question or establishes diversity jurisdiction will result in dismissal of this action with prejudice without further notice. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: April 29, 2026**

**STACI M. YANDLE**
**Chief U.S. District Judge**